[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR ARTICULATION
The defendant has filed a Motion for Articulation in this CT Page 5097 case requesting that "the Court make more specific the reasons for its decision determining that the defendant is unjustly enriched in the sum of $36,500".
The Court previously found that plaintiff had established her claim of unjust enrichment for the reasons stated in the Memorandum of Decision. Specifically, the court found that defendant's use of the proceeds from the parties' condominium home to purchase the Hill Street home in his name alone unjustly enriched him to the extent of one-half the equity in that property as of the time of their separation. In so doing, he in effect misappropriated and cheated plaintiff out of her financial contribution to the condominium and the equity she should have obtained in their new home, which the parties had agreed was to be jointly owned.
Defendant claims he has not been given credit for his financial contribution to the condominium. of the $15,573 contribution claimed by defendant (Exh. 12), the court found plaintiff contributed $2,000 and defendant withdrew at least $9,500, if not more, by means of a home equity loan. This only leaves $4,000 of defendant's money in the condominium property. Plaintiff, on the other hand, contributed $2,000 to the condominium down payment plus over $15,000 for the mortgage, taxes, fees and expenses of that property for two years, plus $5,000. to the closing expenses on the Hill Street property. Plaintiff received back only $3,000 of her contributions while defendant owns a home now worth $147,000. (Exh. Q).
The Court did not credit either party with any of the claimed contributions to improvements of the condominium or Hill Street property prior to their separation, since there was no documentation to support these claims on either side. Both parties treated these as mutual or off-setting contributions to their joint home.
At trial, the defendant admitted to committing perjury at his deposition in this case. The defendant also admitted to cheating on his wife, to cheating on his mistress, and to participating in barter schemes which cheat the government of taxes due. While paying for homes for his former wife and former mistress, defendant had plaintiff pay for his. He kept most of his finances from the plaintiff, and used his business or his mother's home, instead of their address, for all his financial dealings. He repeatedly lied to and misled the plaintiff about the circumstances of the purchase of these properties. CT Page 5098
The court found plaintiff to be a more credible witness. Accordingly, she was in a better position to honestly assess defendant's contributions to the condominium. She measured her loss in terms of her understanding and believed agreement with the defendant that they were jointly contributing toward their property and their future together and that when the condominium was sold and the Hill Street property acquired, it would be owned in joint name. Accordingly, the court awarded plaintiff damages equal to a one-half interest in the equity in that property as of the date of their separation. Since defendant retains sole ownership in that property and all subsequent appreciation, he retains the benefit not only of his own contributions to Hill Street but the appreciated value of plaintiff's contributions as well.
Where the court disagreed with plaintiff was in the measure of damages. Plaintiff claimed both one-half the net equity in the condominium as of its sale and one-half the equity in the Hill Street property as of the date of trial. This would be double-counting, since the equity in the condominium was used to acquire the equity in the Hill Street property. It also would not be fair to defendant, whose contributions to the Hill Street property continued after the separation of the parties, to award plaintiff damages based on the present market value and equity in that property.
This is a case determined by the equities to the parties, not a calculator. This was not a business relationship. In addition to the financial contributions of the parties, it is acknowledged that both contributed in other ways. Defendant used his business cunning. Plaintiff, in addition to supporting defendant financially and contributing to his assets, also conferred the benefits of the homemaker throughout the relationship. The Court has merely awarded plaintiff that which she claims and to which the court has found she is entitled, a one-half interest in the equity of their home as of the date when it should have been placed in joint name if their relationship continued.
To state it another way, the Court found the equitable ownership of the condominium to be in the plaintiff and that defendant, in essence, misappropriated those funds by using them to finalize the purchase of the Hill Street property in his name alone, when it was clearly intended by the evidence to be purchased in joint name. If the court used solely a financial CT Page 5099 yardstick to measure the unjust enrichment, the court would have awarded plaintiff the full equity in the condominium of $45,000 plus interest, washing out defendant's net contribution to the condominium by plaintiff's net contribution to the Hill Street property. However, the Court determined that it was more equitable to both parties to value both their monetary and non-monetary contributions in accordance with their agreement of joint equity. The Court determined this sum to be $36,500 for the reasons stated.
SEQUINO, J.